UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH BARNETTE,

                    Petitioner,

v.                                    Case No. 3:05-cv-524-J-32HTS

JAMES V. CROSBY,
et al.,

                    Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Joseph Barnette, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on June 9, 2005.[1] Petitioner challenges a 1999 state court (St. Johns County, Florida) judgment of conviction for lewd or lascivious assault upon a child and contributing to the delinquency or dependency of a minor on the following grounds: (1) the trial court erred by allowing Petitioner's guideline sentencing range to be increased by forty points for victim injury without a finding from the jury; (2) Petitioner was denied a fair trial due to the

_____

[1] The Petition (Doc. #1) was filed in this Court on June 9, 2005; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (June 2, 2005). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

enhanced sentence; (3) the victim injury points are a hidden enhancement; and, (4) the victim injury points were an aggravating factor.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the
> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Response to Petition (Doc. #6). In support of their contentions, they have submitted exhibits.[2] On September 8, 2005, this Court ordered Petitioner to either file a Reply or notify the Court that he does not intend to file a Reply. See Court's Order (Doc. #9). On September 23, 2005, Petitioner filed a Notice (Doc. #10), stating he does not intend to file a Reply.

Petitioner was charged with lewd or lascivious assault upon a child (count one) and contributing to the delinquency or dependency of a minor (count two). Ex. A at 1-2. Petitioner was tried by a jury and was found guilty as charged. Id. at 33. Petitioner was sentenced to a term of 130 months of incarceration for count one and 364 days for count two, to run concurrently. Id. at 70-76; http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).

On direct appeal, Petitioner raised the following claims: (1) the prosecution violated Petitioner's constitutional rights by

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

commenting on his right to remain silent and his decision not to testify; (2) the jury instructions on contributing to the delinquency of a minor were incorrect and incomplete; and, (3) the evidence was insufficient to establish that Ginger Leggate (the victim) became a delinquent child because she was intoxicated.  Ex. C.  The State filed an Answer Brief, and Petitioner filed a Reply Brief.  Ex. D; Ex. E.  On October 13, 2000, the appellate court affirmed with a written opinion.  Barnette v. Florida, 768 So.2d 1246 (Fla. 5th DCA 2000); Ex. F.  The mandate was issued on November 3, 2000.  Ex. G.

Petitioner's conviction became final on January 11, 2001 (ninety days after entry of the judgment).  See Supreme Court Rule 13.3.[3]  This was after the April 24, 1996, effective date of the AEDPA.  Therefore, Petitioner had one year from the date his case became final to file the federal petition (January 11, 2002).  His Petition, filed in this Court on June 2, 2005, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitation ran for **one year and 31 days** until Petitioner, on or about February 11, 2002, filed a motion to

---

[3] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

correct sentence, which was denied on February 22, 2002.  Ex. H;
Ex. I.  Petitioner did not appeal the order.

On or about April 2, 2002, Petitioner filed a motion for post
conviction relief, and the trial court denied the motion on August
13, 2002.  Ex. J; Ex. K.  On December 31, 2002, the appellate court
per curiam affirmed, and the mandate issued on January 17, 2003.
Ex. L; Ex. M.

On or about November 10, 2004, Petitioner filed another motion
to correct illegal sentence, which was denied on November 17, 2004.
Ex. N; Ex. O.  On January 4, 2005, the appellate court per curiam
affirmed, and the mandate issued on January 21, 2005.  Ex. P; Ex.
Q.

Any motions filed after the expiration of the one-year period
of limitation do not toll the time period because there is no
period left.[4]  Here, Petitioner waited until after the one-year
period of federal limitation had expired before he filed his first
motion for post conviction relief in the state court.

_____

[4] "Under § 2244(d)(2), even 'properly filed' state-court
petitions must be 'pending' in order to toll the limitations
period.  A state-court petition like [Petitioner]'s that is filed
following the expiration of the limitations period cannot toll that
period because there is no period remaining to be tolled." Webster
v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert.
denied, 531 U.S. 991 (2000); Tinker v. Moore, 255 F.3d 1331, 1333
(11th Cir. 2001) (holding that, even though Florida law allows a
prisoner two years to file a Rule 3.850 motion, the prisoner must
actually have a properly filed state court petition or motion
pending within the one-year period in order to toll the federal
limitation period), cert. denied, 534 U.S. 1144 (2002).

Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him.   Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.   Respondents' Response to Petition (Doc. #6), in which they request the dismissal of the Petition, is **GRANTED**.

2.   The case is **DISMISSED** with prejudice.

3.   The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of December, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

sc 10/21
c:
Joseph Barnette
Assistant Attorney General (Heidt)

6